

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3213
Re: Payment of County Clerk's
fee for handling recording
stamps under Article 7047e,
V.A.C.S.

This is in reply to your letter in which you request an opinion, as follows:

"I would like your opinion on the following questions, stated by examples:

"1. A County Clerk collects tax over protest of taxpayer in June. Ninety days later, there being no suit for recovery filed by taxpayer, the Treasurer of Texas transfers the taxes collected to the proper accounts. Should the 5% commission be applied against the $100.00 monthly limit allowed by the statute for the month in which it is collected, or the month it is cleared into the proper funds?

"2. The same example as above, except the month is December, and during the ninety days interval the collecting County Clerk's term of office has expired and a new Clerk has been installed in the office. Which Clerk should be entitled to the 5% commission?"

The statute with which we are primarily concerned in answering your question is Senate Bill No. 24, 46th Legislature, Acts 1939, codified as Article 7047e, of Vernon's Annotated Revised Civil Statutes of Texas, which provides that "no . . . instrument shall be filed or recorded by any county clerk in this State until there has been affixed to

such instrument stamps in accordance with the provisions" of said statute, and which fixes a tax based upon the amount of the notes or obligations recorded by the instrument filed or recorded, and which provides that "payment of the tax . . . shall be evidenced by affixing the stamps issued by the State through the State Treasurer and the County Clerks" as prescribed in the statute. The statute specifically provides as follows:

> ". . . each County Clerk shall be entitled to retain as fees of office for handling said stamps, five (5%) per cent of the amount of money received from the sale of such stamps, provided such fee for any one calendar month shall not exceed One Hundred ($100.00) Dollars, said five (5%) per cent to be retained by the County Clerk when remitting to the State Treasurer as above provided; . . ."

We understand that the fact situation you ask about arose when a person paid the stamp tax in question to a County Clerk under protest in writing under the procedure prescribed in Article 7057b of Vernon's Annotated Revised Civil Statutes of Texas, but failed to file suit to recover said tax within 90 days. Said Article 7057b reads in part as follows:

> "Sec. 1. Any person, firm or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipt, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized."

> "Sec. 2. Upon the payment of such taxes or fees, accompanied by such written protest, the

Honorable Charley Lockhart, Page 3

> taxpayer shall have ninety (90) days from said
> date within which to file suit for the recovery
> thereof in any court of competent jurisdiction
> in Travis County, Texas and none other. . . .'

We have heretofore held in Attorney General's Conference Opinion No. 3061, dated June 17, 1939, that this tax levied by said Senate Bill No. 24, 46th Legislature, Acts 1939, (Article 7047e) is an excise tax upon the privilege of using the public records and not a tax upon property. See also the case of City of Abilene v. Fryar, (Ct. Civ. App.) 143 S. W. (2d) 654, which held that the original recording stamp tax statute, prior to its amendment by said Senate Bill No. 24, was a tax "upon the privilege of the lien holder to acquire the benefits of the registration laws". The tax in question, being a privilege tax, is a tax that can be paid under protest "to the head of any department of the State Government" as provided in the protest statute.

We are not unmindful that there might be a question as to whether or not payment of stamp taxes could be made to a County Clerk under said protest statute (Article 7057b) because said protest statute applies when a person "may be required to pay to <u>the head of any department of the State Government</u> any occupation, gross receipt, franchise, license or other privilege tax or fee", and there might be a question as to whether or not a County Clerk is the head of a department of the State Government; but we do not believe it is necessary to pass on that question in answering your inquiry.

We will now examine the part of Article 7047e quoted above that makes provision for each County Clerk to receive five per cent (5%) of the money received from the sale of the stamps. It says that the "County Clerk shall be entitled to retain . . . for handling said stamps, five (5%) per cent of the amount of money received from the sale of such stamps." The statute says that the Clerk shall retain the money "<u>for handling said stamps</u>", and it is the stamps sold to which that provision refers. From this we conclude that the authors of the statute intended that the Clerk who made the sale should receive the compensation. If the Clerk's right to collect the five per cent (5%) to which he is entitled for handling the stamps and the sale thereof is postponed ninety days because of certain legal delays as outlined in your letter the same rule would apply, that is, the Clerk

who made the sale, and not the Clerk who had taken office later, would be entitled to the compensation. The statute says that the money he shall retain shall be "five (5%) per cent of the amount of money received from the sale." The sale takes place when the stamps are delivered, and the money is received at that time, although it may be "tied up" for a period of time because of certain legal proceedings. When the time does come that five per cent (5%) of the money received from that sale can be actually taken by the Clerk as a fee for handling said stamps, it is a fee for the month in which the sale was made.

Our answer to your first question is that the five per cent (5%) commission should be applied against the $100.00 monthly limit allowed by the statute to the month in which it is collected.

Our answer to your second question is that in the fact situation you ask about, in which a new Clerk took office after the money was collected but before the money was released from the suspense fund, the retiring Clerk who collected the money is entitled to the five per cent (5%) commission.

We wish to advise that we are not passing on a situation in which the payment of the five per cent (5%) fee for handling the stamps is delayed for more than a year after the County Clerk ceases to hold office because of a protest suit being filed and litigated. Such a situation might involve a construction of Article 3892 of Vernon's Annotated Revised Civil Statutes of Texas, which provides that fees in certain instances shall be paid into the County Treasury and not to the officer "in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:LM      APPROVED MAR 14, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN